UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT L. MURRAY, | ) |
| Petitioner, | ) ) ) |
| vs. | ) ) Case No. 1:14-cv-01930-TWP-MJD |
| ZATECKY Mr., | ) ) ) |
| Respondent. | ) |

**ENTRY DISCUSSING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is a Petition for Writ of Habeas Corpus filed by Petitioner Robert Murray ("Murry") challenging a prison disciplinary proceeding identified as No. ISR 14-07-0067. For the reasons explained in this Entry, Murray's habeas petition must be **DENIED**.

**DISCUSSION**

**A. Standard**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974).

**B. The Disciplinary Hearing**

At the relevant time period, Murry was an inmate at the Pendleton Correctional Facility in Pendleton, Indiana. On July 16, 2014, Internal Affairs Investigator B. Eloiza issued a Report of Conduct charging Murray with attempting to engage in trafficking with anyone who is not an offender in violation of Codes A111 and A113. The Report of Conduct states:

> On July 16, 2014 at approx. 1330pm I, B. Eloiza reviewed a letter forwarded to our office. The letter was written by Offender Murray, Robert #962841 and was addressed to Latasha Murray 4368 Greenview Dr. Memphis, TN 38116. Within the letter Offender Murray wrote "Having greendot numbers are not legal over here, and can get me in trouble if found. So [I]'m going to give you a graph at the at the [sic] end of this letter to follow in order for me to give you greendot numbers over the state phone. It will be a set of numbers with letters to match. Whenever I need you to load numbers for me, I'll give you the letters over the phone and you load the number to each letter." After further investigation it was found that a female by the name of Latasha Murray is associated with this offender and on his visitation list.

Murray was notified of the charge on July 22, 2014, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing. The Screening Officer noted that Murray was given a copy of the letter and the envelope. A disciplinary hearing was conducted by the Hearing Officer on July 24, 2014. The Report of Disciplinary Hearing indicates that the offender's statement was as follows: "'Kesler was supposed to be my witness she ain't on my list.' Somebody ran me up.' They thought my sister[']s name was Murray but it's Webb.'" (Dkt. No. 9-7).

The Hearing Officer found Murray guilty of attempting to traffic in violation of Codes A111 and A113. The Hearing Officer relied on the staff report, Murray's statement, and the copy of the letter. The recommended and approved sanctions included a written reprimand, six months of disciplinary segregation, the deprivation of 180 days of earned credit time, and the demotion from credit class I to credit class II. The Hearing Officer imposed the sanctions because of the

2

seriousness, nature or frequency of the offense and the degree to which the violation disrupted or endangered the security of the facility.

Murray's appeals were denied and he filed the present petition for a writ of habeas corpus.

**C. Analysis**

Murray challenges the disciplinary conviction against him arguing that he did not receive the evidence he requested and that the evidence does not support the guilty finding.

1. Requested Evidence

Murray first claims that he was not provided with all of the evidence he requested. Specifically he asserts that he received a copy of only the first page of the letter at issue and not the entire letter. Murray maintains that he did not write the letter and the remaining portion of the letter would show that because most letters end with a signature. Murray speculates that the last page of the letter would absolve him of the charges because it would not contain his signature. The respondent argues that the exclusion of the entire letter did not violate Mr. Murray's due process rights because the Hearing Officer based his decision on the first page of the letter only and because "there is no evidence that more pages of the letter even existed or were ever in the possession of the Internal Affairs Department . . . ."

Among the basic requirements of due process in a prison disciplinary proceeding is the opportunity for the inmate to call witnesses and present documentary evidence in his defense. *Wolff*, 418 U.S. at 566. The rule established in *Brady v. Maryland*, 373 U.S. 83 (1963), which requires "the disclosure of material exculpatory evidence, applies to prison disciplinary proceedings." *Piggie v. Cotton*, 344 F3d 674, 678 (7th Cir. 2003). The application of the *Brady* rule to prison disciplinary cases is to ensure that the disciplinary board considers all relevant

3

evidence and to allow the prisoner to present his best defense. *Chavis v. Rowe*, 643 F.2d 1281, 1286 (7th Cir. 1981). While the respondent argues that the exclusion of the entire letter did not violate Mr. Murray's due process rights because there is no evidence to suggest there was more than one page of the letter or that any other pages of the letter would have been exculpatory, it appears that at least one more page of the letter did exist because the letter concludes with the incomplete sentence: "I'm not sure if you still have the last . . . ." However, even if more pages of the letter existed, there is no evidence to support a conclusion that prison officials had possession of those pages and deliberately withheld them from Murray or that they would be exculpatory. *See Bott v. Davis*, 2006 WL 2024366, at *2 (N.D. Ind. July 14, 2006) (finding that *Piggie* does not require prison officials to obtain evidentiary materials not present at the prison); *Spates v. Martin*, 2009 WL 734908, at *3 (N.D. Ind. Mar. 18, 2009) (finding that rule requiring the disclosure of exculpatory evidence not violated when the petitioner provided no competent evidence (other than his conclusory allegations) that these items existed).

Because Murray has not shown conclusively that prison officials had any more pages of the letter or that additional pages would have been exculpatory, he has failed to show that his due process right to present evidence was violated.

### 2. Sufficiency of the Evidence

Murray next argues that the evidence was insufficient to support the disciplinary charge against him. In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *see also Meeks*

*v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996) ("because the 'some evidence' standard . . . does not permit courts to consider the relative weight of the evidence presented to the disciplinary board, it is '[g]enerally immaterial that an accused prisoner presented exculpatory evidence unless that evidence directly undercuts the reliability of the evidence on which the disciplinary authority relied' in support of its conclusion")(*quoting Viens v. Daniels,* 871 F.2d 1328, 1335 (7th Cir. 1989)). Instead, the "some evidence" standard of *Hill* is lenient, "requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

The evidence here was constitutionally sufficient. *See Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993) (a federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented."). Here, the evidence supporting Murray's conviction included the letter at issue which stated:

> Having greendot numbers are not legal over here, and can get me in trouble if found. So, I'm going to give you a graph at the end of this letter to follow in order for me to give you greendot numbers over the state phone. It will be a set of numbers with letters to match. Whenever I need you to load numbers for me, I'll give you the letters over the phone and you load the number to each letter. I go back to general population in about 60 days. I need to have at least a hundred ($100) bucks to take with me. So I should have about $125.00 on there shortly.
>
> Secondly, I need you on my visitors list. I haven't had shit on my books for about a year now . . . As long as I have a card to move and shake, and someone on my list to do transactions for me, I'm gone [sic] be straight down here lil sis; and so will those around me in time. Right now I sell commissary and wine. So I need to order commissary to sell it; and I have to order the material necessary to make the wine. So it's essential that I get someone to keep money on my books.

This letter references greendot numbers and offers a scheme in which to decipher greendot numbers without getting caught. In addition, the envelope the letter was found in was addressed to "Latasha Murray" and has a return address from "Robert Murray" with his DOC number and

location. Investigator Eloiza further found that Latasha Murray is associated with Murray. This is sufficient evidence to meet the "some evidence" standard to uphold the disciplinary conviction against Murry for attempted trafficking.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Murray's petition for a writ of habeas corpus must be **DENIED** and the action dismissed. Judgment consistent with this Entry shall now issue.

**SO ORDERED.**

Date: 1/13/2016

_____

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT L. MURRAY
962841
PENDLETON CORRECTIONAL FACILITY
Electronic Filing Participant – Court Only

All electronically registered counsel